MICHAEL W. CASEY, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Appellate Term, First Department, April 10, 1924.

Insurance — life insurance — policy providing for payment by insurer upon "production of policy properly receipted" — policy held by third person — insurer not compelled to pay policy where presumption exists that plaintiff may obtain policy and it is conceded that it neither is lost nor destroyed.

In an action by the plaintiff as assignee of the beneficiary of a life insurance policy providing that payments shall be made by the defendant insurer upon "production of the policy properly receipted," the defendant cannot be compelled to pay the policy where it appears that it was not produced but that there is nothing to indicate that the plaintiff is without a remedy by which to obtain possession of the policy, held by a third person, and it is conceded that the policy neither is lost nor destroyed.

APPEAL by defendant from a judgment for plaintiff in the Municipal Court of the city of New York, borough of Manhattan, seventh district, after a trial by the court without a jury.

*Edward M. Grout* and *Paul Grout* (*Charles B. La Voe*, of counsel), for the appellant.

*Michael W. Casey*, for the respondent.

*Per Curiam.* Plaintiff sues as assignee of the beneficiary of a life insurance policy. The policy provides that payment shall be made by defendant upon "production of the policy properly receipted." The case was tried on an agreed statement of facts.

It is conceded that the policy is held by a third person in Ireland upon some claim which appears to be wholly untenable. The plain implication of the terms of the policy is that plaintiff's assignor, as beneficiary, is entitled to its possession.

We do not understand the contention of plaintiff's counsel that there is no process by which possession of the policy can be obtained by the plaintiff. On the contrary, the presumption is that there is. The policy is concededly neither lost nor destroyed, and defendant cannot be compelled to pay, except according to the terms of its contract.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Judgment reversed.